NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.P.,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>        Respondent. | No. 23-4233<br><br>Agency No.<br>A216-642-600<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
San Francisco, California

Before: TYMKOVICH***, M. SMITH, and BUMATAY, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

Petitioner D.P.,[1] a Colombian national, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial of her withholding of removal claim. We deny the petition.

We review legal issues *de novo*, and administrative findings of fact for substantial evidence. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014); 8 U.S.C. § 1252(b)(4)(B). In other words, we uphold factual findings by the agency "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia*, 749 F.3d at 789).

1.      Substantial evidence supports the denial of D.P.'s withholding of removal claim. "To demonstrate entitlement to asylum or withholding of removal on the basis of past persecution, an applicant must present substantial evidence of '(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control.'" *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).

The third factor forecloses D.P.'s case. To be sure, neither party disputes that the Colombian government was "willing" to protect her; the only question is

---

[1] We grant D.P.'s unopposed motion to proceed pseudonymously.

whether it was—and is—"able" to do so. The IJ answered that question in the affirmative, and it had substantial evidence to back its conclusion. In response to D.P.'s reports about the purported death threats made against her, Colombian law enforcement officials issued a protective order and dispatched security to patrol D.P.'s home three to four times per week. Although D.P. claims the police came less frequently as time went on, that does not show the police were unable to protect her. They continued to surveil D.P.'s home, and D.P. was never physically harmed.

D.P. disputes none of this but instead relies on a statement made by a law enforcement official who said they could not guarantee "full protection if something were to happen" and suggested D.P. and her husband "leave the town" or "why not leave the country." That statement, however, is not enough to show the Colombian government was unable to protect D.P. To begin, no government can offer full protection from crimes or threats, so the statement at issue here is insufficient to show the Colombian government in particular was unable to protect her, or that she would not be safe in other parts of the country. Moreover, the law enforcement official's statement does not compel a contrary result considering that the Colombian government *did* dispatch law enforcement to patrol her home multiple times per week—and D.P. was never physically harmed. We have "recognized that . . . inability to control persecutors is not demonstrated simply

because the police ultimately were unable to solve a crime or arrest the perpetrators." *Doe*, 736 F.3d at 878.

Substantial evidence supports the conclusion that D.P. is not entitled to a withholding of removal. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (affirming the denial of a withholding claim because there was "substantial evidence" to show the government was able and willing to help the petitioner).[2]

2.    D.P.'s due process challenge also fails. Although D.P. contends the IJ did not consider critical pieces of evidence that were material to her claims, her arguments indicate that she contests how the IJ *interpreted* the evidence—not whether the IJ failed to consider them. For instance, D.P. claims the IJ ignored evidence that her persecutors were affiliated with criminal organizations. But the IJ did not ignore D.P.'s testimony; rather, he considered her testimony and concluded it was speculative given that she did not personally know these individuals' identities.

The same is true for the rest of D.P.'s arguments. D.P. claims the IJ ignored (1) the wedding day threat and (2) the law enforcement official's statement that the

---

[2] Before the IJ, D.P. asserted eligibility for withholding of removal not solely based on past persecution but also based on her allegedly well-founded fear of future persecution. Because D.P. has not established that the government is unwilling and unable to control her persecution, her claim based on future persecution is also untenable. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

government could not assure her of full protection "if something were to happen." Both arguments are unavailing. To begin, the IJ did not ignore the wedding day threat. Rather, the IJ stated there were five threats at issue in this case, which necessarily includes the wedding day threat. He also described the threat in his opinion—albeit in a way D.P. does not agree with (i.e., "demand for money")—and asked her about the wedding day threat during the hearing.

In addition, the IJ's failure to mention the Colombian law enforcement official's statement in his opinion does not mean he overlooked it. The IJ could have found it "outweighed by other more persuasive evidence." *Garland v. Ming Dai*, 593 U.S. 357, 373 (2021). D.P.'s claim that the IJ failed to consider this statement is therefore unconvincing—especially when considering it would have failed to overcome the lack of substantial evidence showing that the Colombian government was "unwilling" and "unable" to protect her. *See Doe*, 736 F.3d at 877–78.

Finally, the fact that the IJ stated there was "no evidence" to *support* D.P.'s claims for future persecution, or that she was targeted because of her particular social group, reflects the IJ's *interpretation* of the evidence; it does not mean the IJ found no existence of such evidence in the record.

D.P. fails to establish a due process violation.

3.    D.P. also moved to stay her removal pending resolution of her petition for review.  We now deny that motion as moot.

**PETITION DENIED.**